EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Hiram A. Meléndez Rivera | 2013 TSPR 18<br><br>187 DPR \_\_\_\_ |

Número del Caso: TS-3473


Fecha: 31 de enero de 2013


Abogado del Querellado:

      Por derecho propio


Oficina del Fiscal Independiente


Materia: Conducta Profesional – La suspensión será efectiva el 6 de febrero de 2013 fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| IN RE:<br><br>HIRAM A. MELÉNDEZ RIVERA | NÚM.: **TS-3473** | SOBRE:<br><br>CONDUCTA PROFESIONAL |

*PER CURIAM*

En San Juan, Puerto Rico, a 31 de enero de 2013.

Hoy nos encontramos en la necesidad de ejercer una vez más nuestra facultad disciplinaria contra un miembro de la profesión legal por incumplimiento con los Cánones de Ética Profesional que juró profesar.

## I

El Lcdo. Hiram A. Meléndez Rivera (licenciado Meléndez Rivera) fue admitido al ejercicio de la abogacía el 14 de enero de 1970 y, posteriormente, al ejercicio de la notaría el 7 de octubre de 1971.[1]

---

[1] Con fecha 17 de junio de 1983 el licenciado Meléndez Rivera informó que deseaba cesar en sus funciones como notario público a partir del 27 de junio de 1983. Por dicha razón y luego de que la Oficina del Director de Inspección de Notarías (ODIN) examinara los protocolos y registros de testimonios formados hasta ese momento y los depositara en el Archivo Notarial de San Juan, dimos por terminada su fianza notarial.

Aproximadamente diez (10) años más tarde el licenciado Meléndez Rivera solicitó readmisión al ejercicio del notariado, petición que le fue concedida el 15 de enero de 1993, previa prestación de la fianza notarial. No obstante, el 26 de junio de 2002 solicitó nuevamente el cese voluntario de sus funciones como notario. Por lo tanto, luego de examinada su obra notarial y archivada la misma en el Archivo Notarial Distrito de San Juan, emitimos Resolución dando por terminada su fianza notarial el 18 de octubre de 2002.

Por hechos acaecidos entre enero de 2005 al 31 de diciembre de 2008, mientras el licenciado Meléndez Rivera fungía como Director Ejecutivo de la Administración de Compensaciones por Accidentes de Automóviles (ACAA), a éste le fueron radicados varios cargos por violación a los Artículos 210 (Fraude)[2] y 267 (Malversación de Fondos Públicos)[3] del Código Penal de 2004 y por violación al Artículo 3.3 (c) de la Ley de Ética Gubernamental.[4] En específico, al licenciado Meléndez Rivera se le imputó haber utilizado indebidamente la tarjeta corporativa de la ACAA para gastos extravagantes e innecesarios, que comprendían estadías en hoteles en Puerto Rico, consumo en restaurantes en el área de San Juan y estadías fuera de Puerto Rico en asuntos que fueron catalogados como no oficiales.[5]

Luego de varios trámites procesales, los delitos antes mencionados fueron reclasificados cada uno a dos (2) cargos por Negligencia en el Cumplimiento del Deber

---

[2]    33 L.P.R.A. sec. 4838 (2010). El delito de Fraude estaba catalogado en el Código Penal de 2004 como un delito grave de cuarto grado.

[3]    33 L.P.R.A. sec. 4895 (2010). El delito de Malversación de Fondos Públicos estaba catalogado en el Código Penal de 2004 como un delito grave de tercer grado.

[4]    3 L.P.R.A. sec. 1823(c) (2011).

[5]    Dentro de las imputaciones realizadas por el uso irregular de la tarjeta de crédito corporativa, el licenciado Meléndez Rivera reconoce que aunque él no era el funcionario encargado de realizar los pagos en la agencia, por su puesto como Director Ejecutivo tenía una responsabilidad ministerial de que todo trámite relacionado a los pagos fuera uno impecable. Aceptó, además, que aun cuando alegadamente él no tuvo la oportunidad de examinar la auditoría de las finanzas de la agencia y no tenía consigo las facturas por los gastos que se le estaban cuestionando, después de todo era su responsabilidad que todas las cuentas de la agencia estuvieran claras.

(Artículo 266 del Código Penal de 2004),[6] por lo que finalmente el licenciado Meléndez Rivera terminó realizando alegación de culpabilidad por seis (6) cargos menos graves por violación a este último Artículo.[7]   Como resultado de lo anterior, el 27 de febrero de 2012 el Tribunal de Primera Instancia dictó Sentencia condenándolo a cumplir un (1) año de prisión con el beneficio de una sentencia suspendida, conforme lo dispone la Ley Núm. 259 de 3 de abril de 1946, y a restituir la cantidad de trece mil setecientos cuarenta y siete dólares con ochenta y seis centavos ($13,747.86) al erario.

Por tratarse dicha situación de la convicción criminal de un togado, el 6 de julio de 2012 el Panel sobre el Fiscal Especial Independiente (Panel del FEI) emitió una Resolución informándole a este Tribunal los pormenores anteriormente expuestos para que adviniéramos en conocimiento de dicho asunto y dispusiéramos lo que fuera procedente.   Como resultado de lo anterior, el 26 de octubre de 2012 emitimos una Resolución concediéndole al licenciado Meléndez Rivera un término de veinte (20) días para que expresara por qué no debía ser suspendido de la práctica de la abogacía.

---

[6]      33 L.P.R.A. sec. 4894 (2010).

[7]      El licenciado Meléndez Rivera realizó alegación de culpabilidad durante la vista de lectura de acusación celebrada el 27 de febrero de 2012 luego de un preacuerdo realizado entre su representante legal y la fiscal designada por el Panel del FEI.

En cumplimiento con lo anterior, el 20 de noviembre de 2012 el licenciado Meléndez Rivera compareció ante nos informando que los trescientos sesenta (360) días a los que fue condenado a cumplir con el beneficio de una sentencia suspendida se cumplen el próximo 22 de febrero de 2013 y que la cantidad que se le había ordenado restituir fue debidamente consignada conforme a la ley. Expresó, además, su profundo arrepentimiento, así como su propósito de continuar conduciendo su vida según las normas que rigen la profesión legal.

## II

La Sección 9 de la Ley de 11 de marzo de 1909, 4 L.P.R.A. sec. 735 (2010), dispone, en su parte pertinente, que

> El abogado que fuere culpable de engaño, conducta inmoral (*malpractice*), delito grave (*felony*) o delito menos grave (*misdemeanor*), en conexión con el ejercicio de su profesión **o que fuere culpable de cualquier delito que implicare depravación moral**, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico.

(Énfasis nuestro y en el original).

Reiteradamente hemos establecido que la "[d]epravación moral consiste en hacer algo contrario a la justicia, a la honradez, a los buenos principios o a la moral…." In re Arroyo Arroyo, 182 D.P.R. 83 (2011) (citas omitidas); In re Colón Muñoz, 149 D.P.R. 627 (1999); In re Ortiz Gilot, 117 D.P.R. 167 (1986).

Para evitar exponerse a los pormenores de un proceso disciplinario por cualquier conducta de las antes indicadas hemos insistido en que todo miembro de la profesión legal debe conducirse en forma digna y honorable, tanto en su vida privada como familiar. Canon 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 38 (2012) (Canon 38). Conforme a lo anterior, desde el preámbulo del código de ética que ha de regir la conducta de los miembros de la clase togada se ha dispuesto que a todo abogado se le exige evitar hasta la apariencia de conducta impropia. Del mismo modo, dispone el Canon 38 que "[e]l abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y **debe evitar hasta la apariencia de conducta profesional impropia**…." (Énfasis nuestro).

Reviste tanta importancia que todo abogado se desempeñe con dignidad y alto sentido del honor que, según hemos reafirmado, éstos podrán ser suspendidos o desaforados por actuaciones que no tienen que surgir necesariamente de su actividad profesional, sólo bastando con que éstas afecten sus cualidades morales o lo hagan indigno de pertenecer al foro. In re Rodríguez Vázquez, 176 D.P.R. 168, 177 (2009); Colegio de Abogados de P.R. v. Barney, 109 D.P.R. 845, 848 (1980); In re Liceaga, 82 D.P.R. 252, 255-256 (1961).

Luego de evaluar los hechos en el presente proceso disciplinario entendemos que, sin lugar a dudas, el comportamiento y la conducta incurrida, por la cual hizo alegación de culpabilidad el licenciado Meléndez Rivera, va en contra de los buenos principios, de la moral y de la honradez con la que debe conducirse todo miembro de la profesión legal. Al así actuar dejó a un lado su deber de esforzarse al máximo de su capacidad en la exaltación del honor y la dignidad de la profesión y de evitar hasta la apariencia de conducta impropia.

Como acertadamente expone el licenciado Meléndez Rivera en su comparecencia ante nos "[e]l hecho que activa la función disciplinaria en el caso de autos **es cierto y constatable: una sentencia por delito**" (énfasis nuestro).[8] Reconocemos que nuestro deber va más allá de aplicar con automatismo una sanción disciplinaria por una convicción por el delito de Negligencia en el Cumplimiento en el Deber. Pero, como hemos reiterado en ocasiones anteriores todo abogado debe actuar a un nivel superior y no al margen de éste. Por lo tanto no hemos dudado en suspender o desaforar a abogados cuando sus actuaciones afectan sus cualidades morales y los hacen indignos de pertenecer al foro. Las actuaciones que desembocan en la Sentencia en cuestión, sin lugar a dudas, son patentemente contrarias a

---

[8]     Moción en Cumplimiento de Orden de 20 de noviembre de 2012, pág. 6.

los postulados éticos que gobiernan la profesión y merecen que ejerzamos nuestra facultad disciplinaria.

## III

De este modo y en vista de los acontecimientos anteriormente esbozados, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del licenciado Meléndez Rivera. Le ordenamos, por lo tanto, notificar a todos sus clientes, si alguno, de su inhabilidad para continuar con su representación, así como devolver tanto los expedientes de los casos pendientes, como los honorarios recibidos por trabajos no rendidos.

Igualmente, tiene el deber de informar oportunamente de su suspensión tanto a los foros judiciales como administrativos del país en el que tenga algún caso o asunto pendiente. Dichas gestiones deberán ser acreditadas a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* al Lcdo. Hiram A. Meléndez Rivera por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

| | | |
|---|---|---|
| IN RE:<br><br>HIRAM A. MELÉNDEZ RIVERA | **NÚM.: TS-3473** | SOBRE:<br><br>CONDUCTA<br>PROFESIONAL |

SENTENCIA

En San Juan, Puerto Rico, a 31 de enero de 2013.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Hiram A. Meléndez Rivera.

Le ordenamos, por lo tanto, notificar a todos sus clientes, si alguno, de su inhabilidad para continuar con su representación, así como devolver tanto los expedientes de los casos pendientes, como los honorarios recibidos por trabajos no rendidos.

Igualmente, tiene el deber de informar oportunamente de su suspensión tanto a los foros judiciales como administrativos del país en el que tenga algún caso o asunto pendiente. Dichas gestiones deberán ser acreditadas a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Lcdo. Hiram A. Meléndez Rivera por la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton, la Jueza Asociada señora Fiol Matta y la Juez Asociada señora Rodríguez Rodríguez no intervinieron.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo